## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| LAUREL D. LIBBY, State Representative of Maine House District 90, RONALD P. LEBEL, WENDY MUNSELL, JASON LEVESQUE, BERNICE FRASER, RENE FRASER, and DONALD DUBUC, | |
|     Plaintiffs, | Civil Action No. 1:25-cv-83-MRD |
|           v. | |
| RYAN M. FECTEAU, in his official capacity as Speaker of the Maine House of Representatives, and ROBERT B. HUNT, in his official capacity as Clerk of the House, | |
|     Defendants. | |

## PLAINTIFFS' EMERGENCY MOTION FOR AN INJUNCTION PENDING APPEAL OR, ALTERNATIVELY, REQUEST FOR CLARIFICATION

Plaintiffs seek this Court's clarification that today's denial of the preliminary injunction motion (ECF 39) also constitutes denial of any injunction pending appeal. *See* Fed. R. App. P. 8(a)(1)(C). Plaintiffs respectfully request this Court's clarification as soon as possible (including by minute order) given the exigencies and ongoing irreparable harm, consistent with Plaintiffs' request during the April 4, 2025, hearing that the Court indicate whether it would grant or deny a stay or injunction pending appeal as part of its ruling on the motion. *See* Hearing Transcript 37-38, ECF 37.[1]

Plaintiffs respectfully disagree with the Court's order and intend to exhaust every opportunity to restore Maine House District 90's equal representation in the Maine House of Representatives as soon as possible, including by appealing and seeking an injunction pending appeal. *See* 28 US.C. §1292(a)(1). The House is likely to vote on at least 1,800 bills between now and the end of the legislative session,

---

[1] Defendants have indicated they oppose any injunction pending appeal. Plaintiffs submit that it is not necessary to await any further response from Defendants if, as Plaintiffs anticipate, the Court clarifies that today's order should also be construed as the denial of an injunction pending appeal for the reasons set forth in that order.

including a proposed constitutional amendment on Tuesday. *See, e.g.*, 2025 Maine LD 260. An injunction pending appeal will restore the status quo to allow District 90 to have an equal vote on all forthcoming legislation.

For the reasons stated in Plaintiffs' preliminary injunction briefing, Defendants cannot claim legislative immunity simply because their continuing refusal to count Representative Libby's votes was preceded by a "resolution." *Gravel v. United States*, 508 U.S. 606, 621 (1972); *e.g.*, *Powell*, 395 U.S. 486, 504 (1969). Just as Defendants could not evade judicial review by surmising the House Clerk is merely carrying out a resolution to bar a member from voting on account of her race or religion, Defendants cannot evade judicial review here. *See* Reply in Support of Mot. for Preliminary Injunction 1-5, ECF 34. Not even the U.S. House considers itself to have such extraordinary power to strip a member of her right to vote on behalf of her district given the obvious constitutional harm that would result. *Jefferson's Manual and Rules of the House of Representatives* 401-02, §672 (118th Cong., 2023), https://perma.cc/U78W-KZ2G; 3 *Deschler's Precedents of the United States House of Representatives* 1737-41, §§15-15.1 (1994), https://perma.cc/M3ZL-9P9R; *accord Michel v. Anderson*, 14 F.3d 623, 630 (D.C. Cir. 1994) (explaining the House cannot lawfully "deprive any member of the right to vote in the Committee of the Whole"). And while a temporary suspension is a "possible disciplinary action[]" in other state legislatures—temporary punishments that might be imposed, for example, for criminal indictments or physical altercations on the chamber floor—"there is no evidence that such a sanction was regularly imposed" over this nation's 250-year history. *Boquist v. Courtney*, 32 F.4th 764, 782 (9th Cir. 2022). Maine is not the exception to this rule. Never has the Maine Legislature disenfranchised a district because of something its lawfully elected representative said on her own time and on her own social media account. *See* Compl. ¶53, ECF 1. Respectfully, none could have anticipated the indefinite disenfranchisement of District 90 as a "consequence" of Representative Libby's exercise of her right to engage in truthful speech outside of the walls of the legislature. *Contra* Order 29, ECF 39. It is

unprecedented and unconstitutional. To claim legislative immunity over such action is to convert that doctrine from a shield protecting the legislative process into a sword for its destruction.

Finally, for purposes of legislative immunity, there is no distinction between the ongoing disenfranchisement of House District 90 and a member who has been "expelled." *Contra* Order 26, ECF 39. If anything, the circumstances here are far worse; had there been sufficient political support to expel Representative Libby, a special election could have swiftly followed had she been re-elected, and the same punishment could not have been constitutionally re-imposed. *See* Me. Const. art. IV, pt. 3, §4. Defendants have instead accomplished a *de facto* expulsion by refusing to count her vote until the end of the legislative session, or later.

Despite the foregoing, Plaintiffs anticipate that, by denying Plaintiffs' preliminary injunction motion, today's order is also a constructive denial of an injunction pending appeal. So that Plaintiffs are afforded the opportunity for appellate review, Plaintiffs seek this Court's clarification.

Dated: April 18, 2025                                  Respectfully submitted,


Taylor A.R. Meehan*                          /s/ *Patrick N. Strawbridge*
Daniel M. Vitagliano*†                       Patrick N. Strawbridge (Bar No. 10024)
Marie E. Sayer*†                               *Lead Counsel*
Consovoy McCarthy PLLC                  Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700             Ten Post Office Square
Arlington, VA 22209                          8th Floor South PMB #706
(703) 243-9423                                Boston, MA 02109
taylor@consovoymccarthy.com          (703) 243-9423
dvitagliano@consovoymccarthy.com    patrick@consovoymccarthy.com
mari@consovoymccarthy.com

*Admitted *pro hac vice*

†Supervised by principals of the firm
admitted to practice in VA

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2025, I electronically filed a true and correct copy of Plaintiffs' reply in support of motion for preliminary injunction through the Court's CM/ECF system, which will provide service to all parties.

/s/ *Patrick N. Strawbridge*